IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

PAMELA HANKERSON,

    Plaintiff,

v.

FOR OUR FUTURE ACTION FUND, INC.,
a foreign not for profit corporation,

    Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, PAMELA HANKERSON[1], [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendant, FOR OUR FUTURE ACTION FUND, INC., a foreign not for profit corporation and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, PAMELA HANKERSON is a resident of Palm Beach County, Florida.

---

[1] Plaintiff's last name while employed with Defendant was Stigger.

5. Defendant, FOR OUR FUTURE ACTION FUND, INC. has a principal place of business at 1411 K Street, Suite 900, Washington, DE 20005

6. This cause of action arose in Broward County.

7. Broward County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendant in Broward County, Florida.

8. Defendant, failed to pay Plaintiff the mandatory wages as required under state and federal law.

9. Defendant has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

11. Plaintiff was employed with Defendant from on or about May 23, 2018 up to and including her separation on September 19, 2018 as a field organizer.

12. Plaintiff's duties involved going door to door to discuss voting and campaigning to registered voters in Broward County, Florida, contacting registered voters via phone inquiring as to whether they would like to volunteer, and record responses of registered voters via company database.

13. Plaintiff regularly worked over forty (40) hours in a given work week.

14. Defendants failed to pay Plaintiff the mandatory wages as required under state and federal law.

15. Defendants failed to pay Plaintiff overtime as required by Federal law.

16. Plaintiff is a non-exempt employee under the FLSA.

17. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a

work week.

18. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

Plaintiff re-alleges Paragraphs 1 through 18 as set forth herein.

19. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

20. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

21. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

22. Defendant, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

23. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

24. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

25. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

26. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

27. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 24th day of September 2019.

>
> SCOTT WAGNER & ASSOCIATES, P.A.
> Jupiter Gardens
> 250 South Central Boulevard
> Suite 104-A
> Jupiter, FL 33458
> Telephone: (561) 653-0008
> Facsimile: (561) 653-0020
>
> s/Cathleen Scott
> Cathleen Scott, Esq.
> Florida Bar Number 135331
> Primary e-mail: CScott@scottwagnerlaw.com
> Secondary e-mail: mail@scottwagnerlaw.com
> Secondary Address: 101 Northpoint Parkway
> West Palm Beach, FL 33407
> www.ScottWagnerLaw.com